# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TAMARA WAREKA p/k/a TAMARA WILLIAMS,<br><br>Plaintiff,<br><br>v.<br><br>MAI BEAUTE, LLC d/b/a MAI LASH BAR; and DOES 1 through 10 inclusive,<br><br>Defendants. | Case No. **1:24-cv-9862**<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>**COPYRIGHT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, Tamara Williams, alleges as follows:

## JURISDICTION AND VENUE

1. This is a civil action seeking damages and injunctive relief for copyright infringement under the Copyright Act of the United States, 17 U.S.C. § 101 *et seq*.

2. This Court has subject matter jurisdiction over Plaintiff's claim for copyright infringement pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a).

3. This court has personal jurisdiction over Defendant because Defendant's acts of infringement complained of herein occurred in the state of New York,

Defendant's acts of infringement were directed towards the state of New York, Defendant caused injury to Plaintiff within the state of New York, and Defendant has a physical presence in the state of New York.

4. Venue in this judicial district is proper under 28 U.S.C. § 1391(b)-(d) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

5. Plaintiff Tamara Wareka p/k/a Tamara Williams ("Williams") is an individual and professional photographer by trade.

6. Defendant, Mai Beaute, LLC d/b/a Mai Lash Bar ("Mai") is a New York limited liability company with a principal place of business in New York, New York.

7. Plaintiff is unaware of the true names and capacities of the Defendants sued herein as DOES 1 through 10, inclusive, and for that reason, sues such Defendants under such fictitious names. Plaintiff is informed and believes and, on that basis, alleges that such fictitiously named Defendants are responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages as herein alleged were proximately caused by the conduct of said Defendants. Plaintiff will seek to amend the complaint when the names and capacities of such fictitiously named Defendants are ascertained. As alleged herein, "Defendant" shall mean all named Defendants, and all fictitiously named Defendants.

8. For the purposes of this Complaint, unless otherwise indicated, "Defendant" includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogates, representatives and insurers of the Defendants named in this caption.

## FACTUAL ALLEGATIONS

9. Tamara Williams is a highly successful freelance photographer specializing in beauty and fashion photography. Williams is most well-known for her natural and clean portraiture featured on her highly popular Instagram account @tamarawilliams, which has amassed almost 600,000 followers.

10. Williams' work has been featured in top publications such as *Vogue, Harper's Bazaar, Marie Clare, Elle, L'Officiel, Glamour, Cosmopolitan, Maxim*, and many more. Additionally, her work has been used commercially by brands such as NARS, KKW, Fenty, and Benefit.

11. Tamara Williams' livelihood depends on receiving compensation for the photographs she produces, and the copyright protection afforded to Tamara Williams' work deters would-be infringers from copying and profiting from his work without permission.

12. Tamara Williams is the sole author and exclusive rights holder a beauty photograph of a female model with two fingers placed on her brow ("Christina Photograph").

13. Attached hereto as Exhibit A is a true and correct copy of Christina Photograph.

14. Tamara Williams registered Christina Photograph with the United States Copyright Office under Registration Number VA-2-116-920 with an Effective Date of Registration of August 23, 2018.

15. Attached hereto as Exhibit B is a true and correct copy of Registration Certificate VA-2-116-920 for the Christina Photograph.

16. According to its website, Mai is a Parisian-style lash salon specializing in lash lifts, and offering other services such as lash tints and extensions. *See generally* www.mailashbar.com.

17. Mai manages, operates, and controls the Instagram account @eyelashperm www.instagram.com/eyelashperm ("Mai Instagram Account").

18. On information and belief, the Mai Instagram Account generates content to promote Defendant's products and services, attract social media followers and user traffic to the Defendant's main webpage, and generate profit and revenue for the company and its owner(s).

19. On or about August 30, 2024, Tamara Williams discovered her Christina Photograph copied and published on Defendant's Instagram Account with the caption "Need a lift?" and tagged with twenty-nine hashtags, including #lashliftnyc, #chelsealashlift, #mailashbar, and #nycbeautybar ("Infringing Post").

20. Attached hereto as Exhibit C are true and correct screenshots of the Infringing Post on Defendant's Instagram Account.

21. Tamara Williams has never at any point granted Mai a license or other permission to copy, display, distribute, or otherwise use the Christina Photograph in the Infringing Post, on Mai Instagram Account, or elsewhere.

22. Mai, including its employees, agents, contractors, or others over whom it has responsibility and control, copied and uploaded the Christina Photograph to Mai Instagram Account without Tamara Williams' consent or authorization.

23. On information and belief, Defendant's use of the Christina Photograph was deliberate and willful because it knew or should have known that it did not purchase a license to use the Infringed Images on Mai Instagram Account or in any other way.

24. Soon after discovering the Infringing Posts, Tamara Williams, through counsel, reached out to Defendant to have the Christina Photograph removed and to attempt to resolve this matter without court intervention, but the parties were unable to come to an agreement.

## CAUSE OF ACTION
## COPYRIGHT INFRINGEMENT
## 17 U.S.C. § 101 *et seq*

25. Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein.

26. Plaintiff did not consent to, authorize, permit, or allow in any manner the said use of Plaintiff's unique and original Christina Photograph.

27. Plaintiff is informed and believes and thereon alleges that the Defendant willfully infringed upon Plaintiff's copyrighted Christina Photograph in violation of Title 17 of the U.S. Code, in that they used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, the original and unique Christina Photograph of the Plaintiff without Plaintiff's consent or authority, by using them in the Infringing Post.

28. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to any actual damages pursuant to 17 U.S.C. §504(b), or statutory damages pursuant to 17 U.S.C. § 504(c).

29. As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C § 505 from Defendant.

30. Plaintiff is also entitled to injunctive relief to prevent or restrain infringement of his copyright pursuant to 17 U.S.C. § 502.

31. Defendant(s)—including its employees, agents, contractors or others

over whom it has responsibility and control—copied and uploaded the Christina Photograph to the Mai Instagram Account without Tamara Williams' consent or authorization.

32. Mai (including its employees, agents, contractors or others over whom it has responsibility and control) willfully uploaded the Christina Photograph onto the Mai Instagram Account because Mai knew they did not have permission to use the Christina Photograph.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for judgment against Defendant as follows:

- For a finding that Defendant infringed Plaintiff's copyright interest in the Infringed Images by copying, displaying, and distributing it without a license or consent;

- For an award of actual damages and disgorgement of all of profits attributable to the infringement as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant pursuant to 17 U.S.C. § 504(c), whichever is larger;

- For an injunction preventing Defendant from further infringement of all copyrighted works of the Plaintiff pursuant to 17 U.S.C. § 502;

- For costs of litigation and reasonable attorney's fees against

Defendant pursuant to 17 U.S.C. § 505;

- For pre judgment interest as permitted by law; and

- For any other relief the Court deems just and proper.

Dated: December 20, 2024                               Respectfully submitted,

<u>**/s/ Taryn Rose Murray**</u>
Taryn Rose Murray, Esq.
SDNY #5888896
**HIGBEE & ASSOCIATES**
3110 W. Cheyenne Ave., Suite 200
N. Las Vegas, NV 89032
(813) 710-3013
(714) 597-6559 facsimile
tmurray@higbee.law
*Counsel for Plaintiff*

## **DEMAND FOR JURY TRIAL**

Plaintiff Tamara Williams hereby demands a trial by jury in the above matter.

Dated:       December 20, 2024            Respectfully submitted,

**/s/ Taryn Rose Murray**
Taryn Rose Murray, Esq.
SDNY #5888896
**HIGBEE & ASSOCIATES**
3110 W. Cheyenne Ave., Suite 200
N. Las Vegas, NV 89032
(813) 710-3013
(714) 597-6559 facsimile
tmurray@higbee.law
*Counsel for Plaintiff*